IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ARNEATRA SMITH, | ) | |
| | ) | Civil Action No. |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| PEER 1 DEDICATED HOSTING, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Arneatra Smith (hereinafter "Plaintiff"), and files this lawsuit against Defendant, Peer 1 Dedicated Hosting, Inc. (hereinafter "Defendant"), and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief and liquidated and actual damages for Defendant's failure to pay federally mandated overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et*

-1-

*seq.* (hereinafter "FLSA") during a period of the Plaintiff's employment with Defendant from approximately June 2008 until October 2010 (hereinafter referred to as the "Relevant Time Period").

## II.  Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant is a Georgia corporation, and the unlawful employment practices described herein occurred at 101 Marietta Street, Suite 500, Atlanta, GA, 30303. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

5.

Defendant may be served through its registered agent for service, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## III.  Parties

6.

Plaintiff is a resident of the State of Georgia.

7.

Plaintiff is an "employee" of Defendant as defined under FLSA §3(e), 29 U.S.C. §203(e).

8.

During the Relevant Time Period, Plaintiff worked an amount of time that was more than forty (40) hours per workweek for which she was not paid the overtime wage differential as required under the FLSA.

9.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

10.

Defendant is an "enterprise engaged in commerce or in the production of goods for commerce" within the definition of FLSA § 3(r)(1) and §3(s)(1), 29 U.S.C. §203(r)(1), §203(s)(1).

11.

Defendant is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(e).

12.

Defendant is governed by and subject to FLSA §4 and §7, 29 U.S.C. §204 and §207.

13.

Defendant employed Plaintiff during the Relevant Time Period.

**IV. <u>Facts</u>**

14.

Plaintiff began working for Defendant March 12, 2001 and is currently still working for the Defendant.

15.

In June 2008, Plaintiff was moved by Defendant from System Administrator Level 1 to Backups, a position requiring her to be available "on call" in addition to working her regular schedule.

16.

Plaintiff's duties primarily consisted of examining server error logs after receiving notice of problems and using preset solutions to rectify the identified problems. These problems could occur at any time day or night. Many times the solution consisted of re-setting the server by turning a switch on and off.

17.

Around October 2010 Plaintiff was moved away from the position requiring her to be avaliable on call in addition to working her regular schedule.

18.

During the Relevant Time Period, Plaintiff was not paid the overtime wage differential required by FLSA §7, 29 U.S.C. §207, on the occasions that Plaintiff worked over forty (40) hours in a workweek.  Plaintiff was not paid for any of the time she worked over 40 hours in a workweek.

### V.  Violation of the Overtime Wage Requirement of the Fair Labor Standards Act

19.

Defendant has violated FLSA §7, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of forty (40) hours in a workweek during the Relevant Time Period.

20.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover overtime wage differential, liquidated damages in an equal amount, attorneys' fees, the costs of this litigation, and any other relief to which Plaintiff is entitled by law.

## VI.  **Prayer for Relief**

21.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A)   Grant Plaintiff a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiff unpaid wages pursuant to the

FLSA §7, 29 U.S.C. §207 and FLSA § 6(d), 29 U.S.C. § 206(d);

liquidated damages as provided by 29 U.S.C. §216; pre-judgment

interest on unpaid wages pursuant to 29 U.S.C. §216; court costs,

expert witness fees, and reasonable attorneys' fees as provided under

29 U.S.C. §216; and all other remedies allowed under the FLSA;

(C)   Grant declaratory judgment declaring that Plaintiff's rights have been

violated; and

(D)   Award Plaintiff such further and additional relief as may be just and

appropriate.

Respectfully submitted, this 4th day of February, 2011.

**BARRETT & FARAHANY, LLP**

s/Benjamin F. Barrett
Benjamin F. Barrett
Georgia Bar No. 039586
Attorney for Arneatra Smith

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile
ben@bf-llp.com